NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

CA 19-251

US BANK, N.A., AS TRUSTEE SUCCESSOR BY MERGER TO FIRST
STAR BANK, N.A., AS  TRUSTEE FOR NEW CENTURY HOME EQUITY
LOAN TUST, SERIES 2001-NCI

VERSUS

KAYLA GIVS OGLESBY, ET AL.

**********

APPEAL FROM THE
TWENTY SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 13-C-1522-C
HONORABLE ALONZO HARRIS

**********

JOHN D. SAUNDERS

JUDGE

**********

Court composed of John D. Saunders, Billy H. Ezell and Jonathan W. Perry,
Judges.

MOTION TO DISMISS APPEAL DENIED.

Stephen W. Rider
Herschel C. Adcock, Jr.
Vicki A. Elmer
Natalie White
Jamie Alexandra Bruce
McGlinchey Stafford, PLLC
601 Poydras Street, 12th Floor
New Orleans, LA 70130
(504) 586-1200
COUNSEL FOR PLAINTIFF/APPELLEE:
    U.S. Bank, N.A., as Trustee Successor by Merger to First Star Bank,
    N.A., as Trustee for New Century Home Equity Loan Trust

**Kayla Givs Oglesby**
**801 Duck Avenue**
**Eunice, LA 70535**
**DEFENDANT/APPELLANT:**
    **Pro Se**

**William Oglesby**
**4120 South Indiana Avenue, Apartment 1013**
**Chicago, Illinois  60653**
**DEFENDANT/APPELLEE:**
    **Pro Se**

**SAUNDERS, Judge.**

On May 9, 2019, Plaintiff-Appellee, U.S. Bank, N.A., as Trustee Successor by Merger to First Star Bank, N.A., as Trustee for New Century Home Equity Loan Trust, filed a Motion to Dismiss Appeal as Untimely and a Motion to Suspend Briefing Deadlines.  Defendant-Appellant, Kayla Givs Oglesby has filed an opposition to this Motion to Dismiss Appeal.  For the following reasons, we deny the motion to dismiss and motion to suspend briefing.

On April 8, 2013, Plaintiff filed the instant foreclosure action against Defendant.  The trial court issued an Order of Seizure and Sale of the Property on April 10, 2013.  A sheriff's sale was scheduled for June 26, 2013, but the sale did not take place.  The sale was scheduled, again, more than five years later, to be held on December 5, 2018.

On November 27, 2018, Defendant, pro se, filed an "Injunction to Arrest the Seizure Sale," seeking to enjoin the pending sale of the property subject to foreclosure.  The trial court denied the petition on January 28, 2019.  On February 27, 2019, Defendant filed a Motion and Order for Devolutive Appeal which was granted that same day, setting a return date of March 28, 2019.  This court issued its Notice of Lodging and Briefing Order on April 1, 2019.

On May 9, 2019, Plaintiff filed a Motion to Dismiss Appeal as Untimely. Plaintiff argues that pursuant to La.Code Civ.P. art. 3612, Defendant's right to appeal the judgment denying the injunction expired on February 13, 2019.  Article 3612(C) provides that "[a]n appeal from an order or judgment relating to a preliminary injunction must be taken, and any bond required must be furnished, within fifteen days from the date of the order or judgment."

In Defendant's petition for an injunction, she prayed for a preliminary injunction, seeking to enjoin the sale of the property at issue. She also prayed that the preliminary injunction be made permanent, seeking the revocation of the December 5, 2018 order for the seizure and sale of the property. The trial court, in its written judgment, states, "Defendant's Injunction Petition, which seeks to enjoin the sale of the property . . . is **DENIED**." The judgment does not specify whether a preliminary and/or a permanent injunction was denied.

Following the trial court's ruling, a Certificate of Notice of Judgment was mailed to the parties on January 29, 2019. Since the trial court's ruling may be construed as the denial of a permanent injunction, we find that the rules governing ordinary appeals apply herein. La.Code Civ.P. arts. 2087 and 3612. Therefore, we find that the Defendant's February 27, 2019 motion for an appeal was filed timely. Accordingly, we deny Plaintiff's motion to dismiss the appeal. Plaintiff's motion to suspend briefing deadlines is, therefore, denied as moot.

**MOTION TO DISMISS APPEAL DENIED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.